UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE L. NIEBLA,

    Plaintiff,

v.                                     CASE NO. 8:14-cv-2833-T-23MAP

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

**O R D E R**

Niebla submits a letter (Doc. 1), which is construed as an attempt to file a civil rights complaint, but he neither pays the required filing fee nor moves for leave to proceed *in forma pauperis*. As a consequence, this action is reviewed as if Niebla moves for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief

may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). Niebla's earlier cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted, include 8:12-cv-1682-T-30EAJ, 8:13-cv-298-T-33EAJ and 8:13-cv-1605-T-17EAJ. Additionally, 8:14-cv-2331-T-36EAJ, 8:14-cv-2402-T-33AEP, and 8:14-cv-2483-T-35TBM were dismissed based on the "three-strikes" provision in Section 1915(g).

In the present action Niebla complains that the inmates in the Hardee Correctional Institution are treated inhumanely and subjected to both hatred and cruel and unusual punishment. The only example that Niebla offers of the unconstitutional conduct is that inmates "are not allowed to put our arms around our mother when taking photo in the visiting area."

Because he has had three or more prior dismissals that qualify under Section 1915(g) and he is not "under imminent danger of serious physical injury," Niebla is not entitled to proceed in forma pauperis. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). Niebla speculates that he "might be subjected to violent hatred, abuse, set up, false disciplinary report, chemical agents, threats, harassment, and

retaliation." His speculation fails to show that he is "under imminent danger of serious physical injury" as required under Section 1915(g).

Niebla's preclusion from proceeding *in forma pauperis* is without regard to the merits of his present allegations. Niebla may initiate a new civil rights case by filing a civil rights complaint and paying the $400.00 filing fee.

Accordingly, the letter (Doc. 1) is construed as a civil rights complaint, which is **DISMISSED** without prejudice to the filing of a new complaint, in a new action, with a new case number, upon the payment of the $400.00 filing fee. The clerk must close this case.

ORDERED in Tampa, Florida, on November 17, 2014.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE